Quarracy L. Smith Bar No. 033515
Smith & Green Attorneys at Law P.L.L.C.
3101 N. Central Ave., Suite 690
Phoenix, Arizona 85012
Telephone: (602)-812-4600
qsmith@smithgreenlaw.com
*Attorneys for Mr. Jones-Lane*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Isaiah Jones-Lane, an unmarried man,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Ryan Companies US, Inc.,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

Mr. Jones-Lane, Isaiah Jones-Lane, ("Mr. Jones-Lane") by and through undersigned counsel, for his first complaint against Ryan Companies US, Inc., ("Defendant"), an Arizona corporation, allege as follows:

**JURISDICTION, PARTIES, AND VENUE**

1. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, The Americans with Disabilities Act of 1990, as amended, 42

1

U.S.C. §1981, as amended, <u>A.R.S. §23-1501, and A.R.S. §23-493.04</u>.

2. Jurisdiction is proper pursuant to 28 U.S.C. §1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b).

4. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

5. Mr. Jones-Lane, Isaiah Jones-Lane, at all times material hereto, was a resident of Maricopa County, Arizona.

6. Defendant Ryan Companies US, Inc., at all times material hereto, is an Arizona corporation that operates within the state of Arizona.

7. Defendant, Ryan Companies US, Inc., at all times material hereto, employed at least 15 employees.

## **STATEMENT OF CLAIMS**

8. On or about December 28, 2020, Defendant hired Mr. Jones-Lane as a Project Engineer. Plaintiff was hired after working as a Project Engineer Intern with the Defendant in July 2020.

9. Plaintiff is black and identifies as being gay.

10. In October 2023, the Plaintiff began his traveling role with the Defendant, which required Him to travel to Moreno Valley, CA.

11. Throughout his employment in His travel assignment, Defendant subjected Mr. Jones-Lane to racial remarks and sexual comments by Scott Johnson, Mark Carandang and Paul Stykel.

12. Examples of racial remarks and sexual comments made to Mr. Jones-Lane, include, but are not limited to the following:

    a. Mr. Jones-Lane being repeatedly asked if he was a "Muslim;"

    b. Mr. Jones-Lane being subjected to derogatory sexual remarks regarding drag queens and transgender persons;

12. Mr. Jones-Lane found these comments and others to be offensive, demeaning, and alienating.

13. The comments adversely affected Mr. Jones-Lane's ability to work by causing Mr. Jones-Lane stress.

14. Mr. Jones-Lane did not welcome the comments and did not want them to continue.

15. On several occasions Mr. Jones-Lane complained to Chrisitan Lazarro in HR.

16. Lazarro told Plaintiff that he knows about the "crap" that is going on out on the site. Christian stated that she told Mike Mahoney, who is the West Region Director.

17. The Defendant failed to take action to remedy the situation, and the harassing and offensive comments continued.

18. Shortly thereafter, Mr. Jones-Lane received a text message stating, "You should go back to Phoenix."

19. HR failed to take action to remedy the situation.

20. Plaintiff then began being excluded from team meetings and was given an unusual annual review that did not include that standard scoring procedure.

21. On April 24, 2023, Mr. Jones-Lane made an ADA request, specifically FMLA.

22. The Plaintiff is a qualified individual with a disability that substantially limits one

or more major life activities; however, he can and did perform the essential functions of his job without a reasonable accommodation.

23. During the FMLA process, the Defendant unlawfully disclosed my personal information, violating the confidentiality requirements provisions of the ADA.

24. Within days of notifying the Defendant of their violation of the ADA, Plaintiff received an unmerited bad performance evaluation.

25. Plaintiff complained again.

26. The Plaintiff continued to be "black-balled" and subjected to racial and sexually hostile comments.

27. In or around June 2023, the Defendant fired the plaintiff, abruptly citing an economic downturn.

28. Mr. Jones-Lane submitted a charge to the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge No. 540-2023-03671, based on the above conduct.

29. On May 28, 2024, the EEOC issued Mr. Jones-Lane a notice from the EEOC of his right to sue.

30. This action has been commenced within ninety (90) days of Mr. Jones-Lane's receipt of the notice of right to sue.

## COUNT ONE

(Race- Based Hostile Working Environment – 42 U.S.C. §2000e)

31. Mr. Jones-Lane realleges and incorporates by reference all previous allegations contained in the foregoing paragraphs as though fully set forth herein.

32. Mr. Jones-Lane was subjected to racial slurs during his employment.

33. Mr. Jones-Lane did not welcome the racial slurs.

34. The racial slurs were severe and occurred regularly throughout Mr. Jones-Lane's employment.

35. The racial slurs created an abusive and hostile work environment for Mr. Jones-Lane.

36. Mr. Jones-Lane perceived the working environment to be hostile.

37. A member of the Defendant's management, as well as HR, was aware of the racial comments being made to Mr. Jones-Lane.

38. Defendant failed to take prompt and effective remedial action to end the harassment.

39. Mr. Jones-Lane was harmed by the Defendant's actions.

40. Because this arises out of a violation of Title VII, Mr. Jones-Lane is entitled to punitive and compensatory damages.

## COUNT TWO

(Sex-Based Hostile Working Environment – 42 U.S.C. §2000e)

41. Mr. Jones-Lane realleges and incorporates by reference all previous allegations contained in the foregoing paragraphs as though fully set forth herein.

42. Mr. Jones-Lane was subjected to sexual comments during his employment.

43. Mr. Jones-Lane did not welcome the sexual comments.

44. The sexual comments were severe and occurred regularly during Mr. Jones-Lane's

employment.

45. The sexual comments created an abusive and hostile work environment for the Mr. Jones-Lane.

46. Mr. Jones-Lane perceived the working environment to be hostile.

47. A member of the Defendant's management, as well as HR were aware of the comments that had been made to Mr. Jones-Lane.

48. Defendant failed to take prompt and effective remedial action to end the harassment.

49. Mr. Jones-Lane was harmed by Defendant's actions.

50. Because this arises out of a violation of Title VII, Mr. Jones-Lane is entitled to punitive and compensatory damages.

## **COUNT THREE**

(Retaliation)

51. Mr. Jones-Lane realleges and incorporates by reference all previous allegations contained in the foregoing paragraphs as though fully set forth herein.

52. Mr. Jones-Lane engaged in a protected activity under federal law when he reported sexual harassment and race discrimination to Human Resources.

53. In or around June 2023, Mr. Jones-Lane was subjected to an adverse employment action when he was terminated.

54. Mr. Jones-Lane was terminated because he reported to HR the harassment and discrimination.

55. Because this arises out of a violation of Title VII, Mr. Jones-Lane is entitled to punitive and compensatory damages.

## COUNT FOUR

(42 U.S.C. § 1981)

56. Mr. Jones-Lane realleges and incorporates by reference all previous allegations contained in the foregoing paragraphs as though fully set forth herein.

57. The Defendant's discrimination against Mr. Jones-Lane is in violation of the rights of Mr. Jones-Lane and the class afforded to him by the Civil Rights Act 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991.

58. By the conduct described above, Defendant intentionally deprived Mr. Jones-Lane, a black male, of rights that white citizens enjoy to the creation, performance, and all benefits and privileges of his contractual employment relationship with Ryan Companies US, Inc., in violation of 42 U.S.C. § 1981.

59. As a result of Defendant's discrimination, Mr. Jones-Lane has been denied employment opportunities providing substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment because of Defendant's actions, thereby entitled Mr. Jones-Lane to compensatory damages.

60. In its discriminatory actions as alleged above, Defendant has acted with malice or reckless indifference to the rights of the Mr. Jones-Lane, thereby entitled him to an award of punitive damages.

**WHEREFORE**, Mr. Jones-Lane prays for the following relief from Defendant

    A.  For compensatory damages in the amount to be proven at trial, but not less than $75,000.

    B.  All other non-pecuniary damages as to be proven at trial;

    C.  Punitive damages;

    D.  Any non-monetary relief the court deems just and proper;

    E.  Attorney's Fees and other associated costs of litigation; and

    F.  For such other and further relief as the court deems just and proper.

**RESPECTFULLY SUBMITTED** this 26th day of August 2024.

                      SMITH & GREEN
                      Attorneys at Law, P.L.L.C.

                      /s/ Quacy L. Smith

                      Quacy L. Smith
                      Attorney For Mr. Jones-Lane